Honorable C. E. Hamilton, Jr. Prosecuting Attorney Callaway County, Courthouse Fulton, Missouri 65251
Dear Mr. Hamilton:
This letter is in response to your question asking:
 "Does the Magistrate Judge in a third class county have the authority to divide the total amount budgeted for `Clerks' Annual Salary' among the clerk and deputies of the Magistrate Court as he wishes, if one total amount of salaries is shown on the `General Revenue Fund, Appropriation by Organizational Unit and by Object of Expenditures' provided the total does not exceed the total amount approved as the appropriation, or must the amounts be restricted for each employee to the individual amounts shown on the `Budget Estimates' under the Approved 1977 column? This question concerns only the amount for additional salaries or employees from the County Treasury and not that amount provided for under Section 483.490 to be paid by the State."
You also state:
 "For the 1977 annual budget for Callaway County, the Magistrate Court of Callaway County has submitted a 1977 budget estimate. This is as shown, attached as Exhibit A. In that estimate, all of the Magistrate clerks were listed by name and a set salary was noted for each of them. The County Clerk and County Court then reduced each of those salaries as shown in the Approved 1977 column of the Budget Estimate. At that point the County Court made up the form for `Appropriation by Organizational Unit and by Object of Expenditures', attached as Exhibit B. On that form the Clerks' annual salaries were totaled together as $23,562.48. The amounts throughout are the amounts requested to come from county funds and are over and above the amounts that are to be paid by the State under Section 483.490 RSMo 1969. One of the Magistrate clerks has now quit her job and rather than hire an additional Magistrate Clerk, the Magistrate Judge desires to divide that salary among the remaining three Magistrate Clerks. The County Court of Callaway County has refused to do so."
In our view, your question is answered by our Opinion No. 142, dated February 21, 1967, to Rea, (copy enclosed). In that opinion we pointed out that Section 483.485, RSMo, provides with respect to such additional clerks that:
 ". . . provided, that in any county where need exists, the county court is hereby authorized, at the cost of the county, to provide such additional clerks, deputy clerks or other employees as may be required and to provide funds for the payment of salaries or parts of salaries of clerks, deputy clerks and other employees, in addition to the amounts payable by the state under section 483.490. . . ."
Thus, the county court has the sole authority to provide such additional clerks at the cost of the county.
The magistrate therefore has no authority to apportion the salary of the clerk who has resigned among the remaining magistrate clerks.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 142, 2/21/67, Rea